IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ADRIANA ALVAREZ, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | EP-23-CV-00147-DCG |
| TEXAS WORKFORCE COMMISSION, | § § § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**

The Court considers Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" filed on April 10, 2023 ("Application"). (ECF No. 1.) On April 11, 2023, United States District Judge David Guaderrama referred the Application to the undersigned for determination. (ECF No. 2) (citing 28 U.S.C. § 636(b)(1)(A) and W.D. Tex. L.R. App. C, Rule 1(c)). For the following reasons, the Court recommends that Plaintiff's Application be **DENIED**.[1]

The purpose of the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, is to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[2] To proceed in a civil action without paying a filing fee is a "procedural privilege," not an "absolute right." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam). Courts have discretion to grant or deny an IFP application. *Id.*

---

[1] Although the District Judge referred the Application for determination as a non-dispositive matter, the Court issues a report and recommendation out of an abundance of caution because some courts treat an IFP denial as dispositive. *See Wilson v. Becker*, No. 07-7157, 2008 WL 81286, at *1–2 (E.D. La. Jan. 7, 2008) (collecting cases, e.g., *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004)).

[2] Although the statute is titled the "Prison Litigation Reform Act" ("PLRA") and uses the term "prisoner," some of its provisions also apply to non-prisoners, like Plaintiff here. *See Haynes v. Scott*, 116 F. 3d 137, 139–40 (5th Cir. 1997) ("There is no indication in the statute or the legislative history of the PLRA that Congress meant to curb [IFP] suits by nonprisoners. . . . [T]he PLRA requires all petitioners to file an affidavit complying with section 1915(a)(1), but only prisoners must satisfy the requirements of sections 1915(a)(2) and 1915(b)."); *Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (affirming dismissal of non-prisoner claims under 28 U.S.C. § 1915(e)(2)).

Courts review IFP applications to determine whether payment of filing fees would cause the applicant undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see also Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) ("While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents."). Courts must consider whether the applicant's claimed expenses are "discretionary or mandatory." *Prows*, 842 F.2d at 140. Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *report and recommendation adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

According to Plaintiff's Application, Plaintiff currently earns $5,250 per month and incurs $5,320 in monthly expenses. (ECF No. 1:1–2, 4–5.) She claims no assets[3] and no money as cash or in the bank. (*Id.* at 2–3.) She has no spouse and one financial dependent. (*Id.* at 3, 5.)

Considering Plaintiff's Application and the federal poverty guidelines, Plaintiff has not shown that payment of the $402 filing fee would cause her undue financial hardship. Plaintiff's annual income of $63,000 exceeds the federal poverty guideline for a household of two. *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023) (setting an annual income of $19,720 as the poverty threshold for a family of two in the forty-eight contiguous states and the District of Columbia). Additionally, based on the information provided in the Application, some of Plaintiff's monthly expenses appear to be discretionary or excessive. (ECF No. 1:4–5) (listing monthly expenses of $200 for "[r]ecreation, entertainment, newspapers, magazines, etc.," $400 for clothing, $400 for credit cards, and $1,500 for "attorney's fees and

---

[3] Plaintiff does not indicate ownership of a car as an asset but lists monthly expenses for car insurance and motor vehicle installment payments. (ECF No. 1:3–4.) She also lists transportation expenses of $150 per month. (*Id.* at 4.)

student loans"); *see, e.g.*, *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, *inter alia*, certain expenses "appear[ed] excessive without further detailed explanations"); *Cantrell v. Hollander*, No. 3:13-CV-4322-L-BH, 2013 WL 12129250, at *1 (N.D. Tex. Nov. 15, 2013), *report and recommendation adopted*, No. 3:13-CV-4322-L, 2013 WL 12129251 (N.D. Tex. Dec. 18, 2013) (treating expenses for clothing and recreation as discretionary); *Hobbs v. Stanley*, No. SA-22-CV-00342-XR, 2022 WL 1510936, at *1 (W.D. Tex. Apr. 14, 2022) (treating expenses for clothing as discretionary); *Raymond v. Ivest Props., LLC*, No. SA-20-CV-00965-FB, 2021 WL 726429, at *2 (W.D. Tex. Jan. 25, 2021) (same); *Ramsey v. NFI Indus.*, No. 3:21-CV-3217-S-BH, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 705965 (N.D. Tex. Mar. 9, 2022) (treating recreation and credit card expenses as discretionary). Further, the Court notes that Plaintiff has paid the filing fee and retained counsel in a related case. *See* Case No. 3:23-cv-00148-DCG (ECF No. 1) (W.D. Tex. Apr. 10, 2023); *Raymond*, 2021 WL 726429, at *2 (inferring ability to pay from a plaintiff's payment of a filing fee in a separate case).

Accordingly, the Court **RECOMMENDS** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) be **DENIED**.

The Court **FURTHER RECOMMENDS** that Plaintiff be ordered to pay the $402 filing fee within thirty (30) days after service of the District Judge's order on this Report and Recommendation, and that the Complaint (ECF No. 1-1) shall not be docketed until such payment is received.

The Court **FINALLY RECOMMENDS** that Plaintiff be **CAUTIONED** that failure to timely pay the filing fee may result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b).[4]

---

[4] If the District Judge adopts this Report and Recommendation and denies Plaintiff IFP status, the undersigned will no longer have authority to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Woodall v. Foti*, 648

**SIGNED** this 20th day of April, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

F.2d 268, 271 (5th Cir. Unit A June 1981) (explaining the two-stage procedure for processing IFP claims: "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under section 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, section 1915(d) [now section 1915(e)] allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious . . . .").