UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ADRIANA ALVAREZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | EP-23-CV-00147-DCG |
| TEXAS WORKFORCE COMMISSION, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Defendant The Texas Workforce Commission ("TWC")—a Texas state agency—moves to dismiss *pro se* Plaintiff Adriana Alvarez's Complaint. Mot., ECF No. 16, at 1–8.[1] Alvarez opposes the TWC's Motion. Resp., ECF No. 18, at 1–7. Because the doctrine of Eleventh Amendment immunity bars Alvarez's claims,[2] the Court **DISMISSES** them **WITHOUT PREJUDICE**.

---

[1] Page citations in this Memorandum Opinion and Order refer to page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[2] "Eleventh Amendment immunity" is a shorthand for a state's inherent sovereign immunity recognized by the Eleventh Amendment to the United States Constitution. The Supreme Court has explained,

> The Eleventh Amendment makes explicit reference to the States' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." We have, as a result, sometimes referred to the States' immunity from suit as "Eleventh Amendment immunity." The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.

*Alden v. Maine*, 527 U.S. 706, 712–13 (1999) (quoting U.S. CONST. amend. XI). This Court will use "Eleventh Amendment immunity" and "sovereign immunity" interchangeably.

## I.  BACKGROUND

### A.  Factual Background

To understand Alvarez's claims, the Court begins with her former employment.  Alvarez says she used to work for Brokers Logistics, Ltd. until Brokers Logistics suspended her without pay and subsequently terminated her employment.  Brokers Logistics allegedly suspended and then terminated Alvarez for refusing to comply with its face covering (or masking) policy for religious reasons.[3]

Alvarez filed an administrative complaint against Brokers Logistics with the TWC alleging that Brokers Logistics discriminated against her because of her religion.[4]  According to Alvarez, the TWC, which, among other things, hears discrimination claims and administers Texas's unemployment compensation insurance program,[5] denied her unemployment benefits.[6]

Alvarez then filed the instant case in federal court, naming only the TWC as a defendant.[7]  At bottom, Alvarez claims that the TWC wrongly denied her unemployment benefits.[8]  But Alvarez also alleges that the TWC "violate[d] [her] constitutional and fundamental right to freely exercise [her] religion" by denying her unemployment benefits.[9]

---

[3] Compl., ECF No. 11, at 4.

[4] *See id.*; Resp. at 1.

[5] TEX. LABOR CODE §§ 21.003, 301.001(a).

[6] Compl. at 4; Resp. at 1.

[7] *See generally* Compl.  As Alvarez noted in her Response, she has also filed a separate federal case against Brokers Logistics. Resp. at 1–2.  That case remains pending before this Court.  *See Alvarez v. Brokers Logistics, Ltd.*, No. 3:23-cv-00148-DCG (W.D. Tex.) (Guaderrama, J.).

[8] *See* Compl. at 4–5.  For example, she claims that the "TWC made no effort to request substantial evidence from [Brokers Logistics]" that might have shown it would not have been an "'undue hardship' . . . [to] accommodate[] [her] reasonable accommodation requests." *Id.* at 5.

[9] *Id.* at 4.

Alvarez asks this Court to require the TWC to "reverse[] [its decision]" and to rule "in [her] favor."[10]

B. The Texas Workforce Commission's Motion to Dismiss

The TWC moves to dismiss Alvarez's Complaint under Federal Rule of Civil Procedure 12(b)(7),[11] which allows a court to dismiss a claim for "failure to join a party under [Federal] Rule [of Civil Procedure] 19." FED. R. CIV. P. 12(b)(7). Rule 19 in turn governs the required joinder of parties. See FED. R. CIV. P. 19.

The TWC's theory is based on what it argues is Alvarez's failure to abide by the Texas Unemployment Compensation Act's ("TUCA") strict requirements for judicial review of a TWC administrative decision. The TWC asserts that the Texas Constitution provides it with immunity from suit unless the plaintiff invokes a waiver of sovereign immunity by strictly complying with TUCA's requirement that a plaintiff join in her suit each "party to the proceeding before the [the TWC]."[12] Because Alvarez did not also sue Broker Logistics in this suit, the TWC argues she failed to join a required party and thus dismissal is proper under Rule 12(b)(7).

## II. DISCUSSION

The Court need not address the merits of the TWC's Rule 12(b)(7) Motion. The Court will dismiss this case without prejudice because the TWC is immune from Alvarez's claims.

A. Sovereign Immunity and the Eleventh Amendment

The Eleventh Amendment provides:

---

[10] *Id.*

[11] Mot. at 1.

[12] *Id.* at 5 (quoting TEX. LABOR CODE § 212.201(b)).

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. CONST. amend. XI.  Though the text of the Eleventh Amendment does not explicitly apply to suits against a state brought by citizens of that same state, since *Hans v. Louisiana*,[13] the Supreme Court has understood the Eleventh Amendment as recognizing a state's sovereign immunity that is inherent in our constitutional structure.  *See, e.g.*, *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011); *Alden*, 527 U.S. at 727–29.  So the Eleventh Amendment, despite its plain text, recognizes "that a [non]-consenting State is immune from suits brought in federal court *by her own citizens* as well as by citizens of another state."[14]  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (cleaned up) (emphasis added).

Eleventh Amendment immunity is jurisdictional in the sense that it "depriv[es] federal courts of the power to adjudicate suits against a state."  *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011).  But unlike other jurisdictional matters, such as limits on subject-matter jurisdiction that are derived from Article III of the United States Constitution and federal statutes and thus place fixed limits on judicial power, a state can waive its sovereign immunity.  *See, e.g.*, *Pennhurst*, 465 U.S. at 99–100; *Union Pac.*, 662 F.3d at 340.  Put simply, sovereign immunity is not an Article III limitation on federal court jurisdiction.  *See Parella v. Ret. Bd. of R.I. Emps.' Ret. Sys.*, 173 F.3d 46, 55 (1st Cir. 1999).[15]

---

[13] 134 U.S. 1 (1890).

[14] "The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design." *Alden*, 527 U.S. at 728–29.

[15] *See also Alden*, 527 U.S. at 730 (explaining that a state's inherent sovereignty "is not directly related to the scope of the judicial power established by Article III").

A consequence of sovereign immunity's unique nature as waivable jurisdictional bar is that a court may raise sovereign immunity sua sponte—that is, on the court's own motion, without any of the parties raising the issue first—but the court is not required to do so.[16] *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (explaining that a court need not "raise [sovereign immunity] on its own" and that "[u]nless the State raises the matter, a court can ignore it"); *Whiting v. Jackson State Univ.*, 616 F.2d 116, 127 n.8 (5th Cir. 1980).[17] The Court exercises its discretion to sua sponte consider whether Alvarez's claims against the TWC are barred by sovereign immunity.

**B. Whether Alvarez's Claims Against the Texas Workforce Commission are Barred by Sovereign Immunity**

The TWC isn't itself a state, so the first question is whether the TWC possesses sovereign immunity. It does. Subject to certain exceptions, "[t]he Eleventh Amendment bars federal suits against a state, *a state agency*, or a state official in his official capacity . . . ." *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020) (quotation omitted) (emphasis added). The TWC is a Texas state agency. TEX. LABOR CODE § 301.001(a) ("The Texas Workforce Commission is a state agency . . . ."). The TWC thus has Eleventh Amendment immunity. *See, e.g., City of Austin v. Paxton*, 943 F.3d 993, 1003 (5th Cir. 2019).

---

[16] *See, e.g., Union Pac.*, 662 F.3d at 340 (explaining that "[t]he state sovereign immunity doctrine is unique because it acts as an affirmative defense, while also containing traits more akin to a limitation on subject-matter jurisdiction").

[17] *See also, e.g., Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 515 n.19 (1982) ("[The Supreme Court] ha[s] never held that [Eleventh Amendment immunity] is jurisdictional in the sense that it must be raised and decided by [a] [c]ourt on its own motion."); *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("[A] court may raise the issue of Eleventh-Amendment immunity sua sponte but, unlike subject-matter jurisdiction, it is not obligated to do so."); *Parella*, 173 F.3d at 55 ("[W]hile courts have the discretion to raise Eleventh Amendment questions sua sponte, Article III does not obligate them to do so."); *Bouchard Transp. Co v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996).

That the TWC has Eleventh Amendment immunity doesn't end the analysis because the TWC can waive its immunity. *E.g.*, *Pennhurst*, 465 U.S. at 99. Although "it can be either express or implied," *Watson v. Texas*, 261 F.3d 436, 440–41 (5th Cir. 2001), "[a] state's waiver of immunity must be unequivocal," *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). A state impliedly waives sovereign immunity "only under narrow circumstances." *Watson*, 261 F.3d at 441. The circumstances under which a state impliedly waives sovereign immunity depends on its litigation conduct. *Union Pac.*, 662 F.3d at 341. "[I]f [a] state voluntarily invokes federal-court jurisdiction or if it makes a 'clear indication' that it intends to submit to federal jurisdiction," then the state waives its sovereign immunity. *Id.* at 340 (cleaned up); *see also Watson*, 261 F.3d at 441.

A state does not impliedly waive its sovereign immunity by simply entering an appearance as a defendant in federal court; it must make a clearer indication of its intent to waive immunity. In *Neinast v. Texas*, for example, the plaintiff filed a putative class action alleging that Texas's $5.00 charge for handicap placards violated the Americans with Disabilities Act. *Neinast*, 217 F.3d at 277. The district court granted Texas's motion to dismiss because a separate federal statute—the Tax Injunction Act, 28 U.S.C. § 1341—barred the plaintiff's claim. *Id.* On appeal, Texas raised Eleventh Amendment immunity for the first time. *Id.*

The plaintiff argued that by waiting to raise sovereign immunity on appeal, Texas waived its immunity. *See id.* at 277, 279–80. The Fifth Circuit disagreed, explaining that Texas's litigation conduct did not clearly indicate that it intended to waive its sovereign immunity and submit to federal court jurisdiction. *See id.* at 279–80. Texas had only moved to dismiss the case in the district court. *Id.* at 279. The Fifth Circuit explained,

> Texas never filed an answer or participated in any proceedings indicating an intent to try the matter on the merits. Because the district court granted Texas's [Federal Rule of Civil Procedure] 12(b)(6) motion, Texas never had occasion to contest its presence in federal court on other grounds. Texas gained no benefit by federal court jurisdiction and did not lead [the plaintiff] to believe that it intended to try the case in federal court. Texas did not unequivocally waive its right to assert immunity from suit.

*Id.* at 279–80.[18] In sum, because Texas sought immediate dismissal of the plaintiff's suit—though not on sovereign immunity grounds—and did not engage with the merits of the plaintiff's claims, Texas never clearly indicated its intent to waive its sovereign immunity. *See id.*

The same is true here. Though the TWC has filed an answer, it also seeks dismissal of Alvarez's suit under Rule 12(b)(7).[19] By filing its Answer and Motion, the TWC did not clearly indicate an intent to try this case on the merits. Quite the opposite. The TWC seeks immediate dismissal of this suit with prejudice.[20] The TWC's litigation conduct thus far does not clearly indicate that it impliedly waived its Eleventh Amendment immunity by filing an Answer and Rule 12(b)(7) Motion.[21]

---

[18] By contrast, when a state removes a case from state to federal court, "it voluntarily invoke[s] the jurisdiction of the federal courts and waive[s] its immunity from suit in federal court." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005). But that exception doesn't apply here because Alvarez, not the TWC, filed this suit in federal court in the first instance. *See* Compl.

[19] *See* Answer, ECF No. 17; Mot. at 1–8.

[20] *See* Mot. at 8.

[21] Even if the TWC had done more in this litigation, that would not necessarily mean it would have impliedly waived sovereign immunity. For example, the Fifth Circuit has allowed a state to raise sovereign immunity on appeal even after litigating the merits in the district court. *Union Pac.*, 662 F.3d at 341–42. And there are countless other examples of courts recognizing state sovereign immunity after greater participation by the state in federal litigation than what the TWC has done here. *See, e.g.*, *Wright v. Pa. Dep't of Revenue*, No. 1:21-CV-00183, 2023 WL 2589226, at *5 (M.D. Pa. Mar. 21, 2023) (allowing Pennsylvania agency to raise Eleventh Amendment immunity even after "participating in discovery [and] complying with a court's orders" before raising the defense); *Davis v. Granger*, No. 2:12-cv-1746, 2016 WL 1060414, at *1–2 (W.D. La. Mar. 14, 2016) (dismissing case sua sponte on Eleventh Amendment immunity grounds around two years after plaintiff initiated the case); *Williams v. Louisiana*, No. CV 14-00154-BAJ-RLB, 2015 WL 5318945, at *6 (M.D. La. Sept. 11, 2015) (allowing Louisiana to raise its Eleventh Amendment immunity defense at summary judgment).

Moreover, though not based in the Eleventh Amendment or the structure of the U.S. Constitution, the TWC did raise an immunity defense in its Motion. The TWC presents an immunity argument as though it were in Texas state court. It relies solely on its immunity as recognized by the Texas Constitution, acts of the Texas Legislature, and Texas state courts.[22] Whatever distinction may exist between state-constitution-derived sovereign immunity and a state's sovereign immunity recognized in federal courts as "flow[ing] from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution," *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005), the Court concludes that the TWC's immunity argument clearly indicates its *lack* of consent to Alvarez's suit in this Court.

### III.  CONCLUSION

Because the TWC did not waive its sovereign immunity, this Court concludes as the Fifth Circuit has before: "[T]he TWC is an agency of the State of Texas and therefore [Alvarez's] claims brought against it are barred by the Eleventh Amendment."[23] *Paxton*, 943 F.3d at 1003 (cleaned up).[24]

The Court **DISMISSES** Plaintiff Adriana Alvarez's claims against Defendant The Texas Workforce Commission **WITHOUT PREJUDICE**.[25] As the Court has explained, Plaintiff's

---

[22] *See generally* Mot. at 3–7.

[23] For at least one reason, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply in this case because Alvarez did not sue "individual state officials as defendants in their official capacities." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985)).

[24] *See also, e.g.*, *Harlan v. Tex. Workforce Comm'n*, No. CV H-21-3719, 2022 WL 479934, at *2 (S.D. Tex. Feb. 16, 2022), *aff'd*, No. 22-20139, 2023 WL 4265794 (5th Cir. June 29, 2023); *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014).

[25] Though Alvarez's claims against the TWC are barred by Eleventh Amendment immunity, the Court dismisses her claims for want of jurisdiction and therefore it dismisses her claims without prejudice. *See, e.g.*, *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir.

federal-court claims against Defendant are barred by the doctrine of Eleventh Amendment immunity, so the Court also **CLOSES** this case **WITHOUT** granting Plaintiff **LEAVE TO AMEND** her pleadings.[26]  Plaintiff may pursue her claims in state court if doing so would comport with applicable law.[27]

Because the Court dismisses Plaintiff's claims on grounds not asserted by Defendant, the Court **DENIES AS MOOT** Defendant's "Motion to Dismiss for Failure to Join a Required Party" (ECF No. 16).

The Court will separately issue a final judgment.

**So ORDERED and SIGNED this 21st day of August 2023.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE

---

2017) ("Because Eleventh Amendment immunity is jurisdictional, [ ] dismissal should [ ] be[] without prejudice."); *Ernst*, 427 F.3d at 366–67 (concluding that the district court should have dismissed without prejudice claims barred by Eleventh Amendment immunity).

[26] Sometimes, not providing leave to amend after dismissing all claims as barred by sovereign immunity is not warranted because a plaintiff may be able to amend her complaint to state valid claims. *See Carver v. Atwood*, 18 F.4th 494, 496–99 (5th Cir. 2021).  For example, a plaintiff may be able to add proper defendants.  *See id.* at 498.  That is not the case here, however.  As the Court mentioned earlier, *see supra* note 8, Plaintiff has a separate, parallel pending case against the only other potential defendant that Plaintiff mentions in her Complaint.  *See* Compl., *Alvarez v. Brokers Logistics, Ltd.*, No. 3:23-CV-00148-DCG (W.D. Tex. Apr. 10, 2023), ECF No. 1.

[27] *See Carver*, 18 F.4th at 498 ("Our precedents also make clear that a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction.  This rule applies with equal force to sovereign-immunity dismissals." (cleaned up)).